**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| G & G Closed Circuit Events, LLC, | ) | CV 12-1282-PHX-PGR |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Nadir Soofi, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Application for Default Judgment, seeking judgment against Nadir Soofi, individually and d/b/a Cleopatra Bistro Pizza, and Cleopatra Bistro Pizza, an unknown business entity d/b/a Cleopatra Bistro Pizza (hereinafter "Defendants"). (Doc. 15.) Having reviewed the record, the Court finds that the application should be granted pursuant to Fed.R.Civ.P. 55(b)(2) to the extent that the Court will award the plaintiff the sum of $2001.00 in damages, as well as its recoverable costs, including reasonable attorney's fees, if timely sought.

## **Background**

Plaintiff alleges that Defendants showed a closed-circuit boxing telecast entitled *"World Grand Prix": Alistair Overeem v. Fabricio Werdum* ("the program") at their restaurant on June 18, 2012. (Doc. 1.) The complaint alleges that the program was shown without authorization as Defendants never purchased a commercial license to do so from the

Plaintiff, which held the exclusive commercial distribution rights to the program. (*Id.*) The complaint raises three claims: a violation of 47 U.S.C. § 605, the Federal Communications Act of 1934 (Count I); a violation of 47 U.S.C. § 553, the Cable & Television Protection and Competition Act of 1992 (Count II); and conversion (Count III). (*Id.*)

The record establishes that Defendants were served on September 20, 2012. (Docs. 9, 10.) Defendants did not respond to the complaint, and Plaintiff filed an application for entry of default on November 16, 2012. (Doc. 13.) The Clerk of the Court entered default on November 19, 2012. (Doc. 14.)

## **Discussion**

Plaintiff's application for default judgment addresses only 47 U.S.C. § 605. The complaint alleges in part in Count I, which asserts a violation of § 605, that Defendants "did unlawfully intercept, receive, publish, divulge, and/or exhibit the *Program* at the time of its transmission at their commercial establishment" and that they did so "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." (Doc. 1, ¶¶ 19, 20.)

The general rule of law is that upon default all well pleaded factual allegations of the complaint regarding liability, but not those relating to damages, are taken as true. *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff seeks damages pursuant to § 605, which provides for statutory damages per violation "of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(C)(i)(II). Section 605 further permits an additional discretionary award of enhanced damages of up to $100,000 if the court determines that the defendants willfully violated the statute "for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff seeks the maximum award under both subsections, for a total § 605 award of $110,000.

In support of its request for damages, Plaintiff has submitted an affidavit by its investigator, who was present at Cleopatra Bistro Pizza on the night of the broadcast. According to the affidavit, the restaurant had one television, a 32" Panasonic. (Doc. 15, Ex. 3.) Three patrons were present while the program was broadcast. (*Id.*) The capacity of the restaurant is approximately 15 people. (*Id.*) The investigator paid no cover charge. (*Id.*) He purchased wings and a large bottle of soda for $10.32. (*Id.*)

Based on this record, the Court concludes that the statutory damages sought by Plaintiff are disproportionate. *See Innovative Sports Management, Inc. v. Gonzalez*, No. CV-12-0381-PGR, 2012 WL 3762436, at *2 (D.Ariz. Aug. 29, 2012); *see also Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198–99 (N.D.Cal. 2000); *Joe Hand Promotions, Inc. v. Streshly*, 655 F.Supp.2d 1136, 1139 (S.D.Cal. 2009). The Court will award the minimum $1,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II).

In determining whether a defendant's conduct is subject to enhanced damages for willfulness, courts assess a variety of factors, "including prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." *Kingvision Pay-Per-View, Ltd. v. Guzman*, No. CV-07-963-PHX-PGR, 2008 WL 1924988, at *3 (D.Ariz. April 30, 2008). In reviewing Plaintiff's request for enhanced damages, the Court notes little evidence in the record suggesting Defendants achieved commercial advantage or private financial gain from broadcasting the program. The record does not indicate that Defendants advertised the program or charged a premium for food and drink. The record does indicate that Defendant imposed no cover charge. In light of this evidence, the Court will award $1,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii).

The complaint also alleges a claim for conversion, seeking damages of $1200. Plaintiff offers no support for damages in that amount. Under Arizona law, only an award of nominal

- 3 -

damages for conversion may be made if actual damages are not proven. *SWC Baseline & Crimson Investors, LLC v. Augusta Ranch Limited P'ship*, 265 P.3d 1070, 1092 (Ariz.App.2011). Given the absence of factual and legal support for the requested award, the Court will award nominal damages of $1.00 for the conversion claim. *See Innovative Sports Management*, 2012 WL 3762436, at *3; *J&J Sports Production, Inc. v. Barrio Fiesta of Manila Restaurant LLC*, No. CV-11-2216-PHX-JAT, 2012 WL 2919599, at *2 (D.Ariz. July 17, 2012).

Plaintiff also requests an award of reasonable attorney's fees and relevant costs. (Doc. 15, Ex. 1 at 14.) Section 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff does not set forth a requested amount, but seeks 14 days from entry of judgment to submit its request for costs and attorneys' fees.

The Court will require Plaintiff to submit an itemized list of attorney's fees no later than February 1, 2013, wherein it details the actual time expended by task (taking into account any "boilerplate" pleading and motion related forms used by its attorney in this type of action) and the hourly rate charged, and details its costs.

Accordingly,

IT IS ORDERED that Plaintiff's Application for Default Judgment (Doc. 15) is granted against Nadir Soofi, individually and d/b/a Cleopatra Bistro Pizza, and Cleopatra Bistro Pizza, pursuant to Fed.R.Civ.P. 55(b)(2), in the amount of $2,001.00. The Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of January, 2013.

Paul G. Rosenblatt
United States District Judge

- 4 -