1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| G & G Closed Circuit Events, LLC, | ) | CV 12-1282-PHX-PGR |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Nadir Soofi, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion to Alter or Amend Judgment. (Doc. 20.) For the reasons set forth herein, the motion is denied.

On June 14, 2012, Plaintiff filed a complaint alleging that Defendants exhibited a closed circuit boxing match without obtaining a commercial license from Plaintiff, in violation of the Federal Communications Act, 47 U.S.C. § 605. Defendants failed to appear or respond. On January 16, 2013, the Court granted Plaintiff's application for default judgment and entered judgment against Defendants in the amount of $2,001. (Docs. 18, 19.) That figure represented the minimum in statutory and enhanced damages under 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii), plus nominal damages for Plaintiff's conversion claim. (Doc. 18.) Plaintiff now asks the Court to alter or amend its judgment with respect to statutory and enhanced damages.

## **DISCUSSION**

A court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is "an extraordinary remedy, to be used sparingly" at the discretion of the

court. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). The motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted). To succeed on a motion to alter or amend, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). A Rule 59(e) motion is not a forum to ask the court to "rethink what it has already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998) (quotation omitted).

Plaintiff's motion to alter or amend judgment alleges that the Court committed clear error. Specifically, Defendant argues that damages the Court awarded are inconsistent with the amounts other district courts have awarded and insufficient to deter future violations.

Section 605(e)(C)(i)(II) provides for statutory damages "of not less than $1,000 or more than $10,000, as the court considers just," while § 605(e)(3)(C)(ii) permits an additional discretionary award of enhanced damages of up to $100,000. The Court awarded minimum damages based on the facts of this case, which indicated that the program in question was shown on one television while three patrons were present in Defendants' restaurant. The restaurant had a seating capacity of approximately 15. It did not impose a cover charge or a premium for food and drinks. Plaintiff submitted evidence that Defendants have committed a subsequent violation (*see* Doc. 15, Ex. 4), but there is no evidence of prior infringements.

In support of his assertion that the Court committed clear error, Plaintiff relies on decisions by other district courts awarding greater statutory and enhanced damages. The Court is not bound by the decisions of fellow district courts, and therefore it did not commit clear error by awarding minimum damages in this case. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Duc Minh Dinh*, No. 10-CV-5717-LHK, 2012 WL 4006471, at *2–3 (N.D.Cal. Sept. 12, 2012); *Joe Hand Promotions, Inc. v. Croce*, No. 5:10-CV-04177-JW, 2011 WL 2581419, at *3 (N.D.Cal. June 29, 2011).

Moreover, the cases cited by Plaintiff involve facts more supportive of a greater damages award. The establishments in those cases were larger, *see, e.g.*, *Joe Hand Promotions, Inc. v. Pinkhasov*, No. CV-2437-PHX-FJM, 2012 WL 3641451, at *1 (D.Ariz. Aug. 24, 2012); showed the intercepted program to more patrons, *Joe Hand Promotions v. Streshly*, 655 F.Supp.2d 1136 (S.D.Cal. 2009), or on multiple television screens, *Joe Hand Promotions, Inc. v. Coen*, CV-11-2531-PHX-JAT, 2012 WL 2919710, at *2 (D.Ariz. July 12, 2012); advertised the program, *Kingvision Pay Per View, Ltd. v. Guzman*, No. CV-963-PHX-PGR, 2008 WL 1924988, at *2 (D.Ariz. April 20, 2008); or charged a cover fee, *Pinkhasov*, 2012 WL 3641451 at *1.

The Court also concludes that it did not clearly err in finding, under the circumstances of this case, that enhanced damages in the amount of $1000, together with $1000 in statutory damages, are sufficient for the purpose of deterrence.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 20) is **denied.**

DATED this 26th day of February, 2013.

Paul G. Rosenblatt
United States District Judge

- 3 -